UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN J. POWERS,

                      Plaintiff,

v.                                                                9:09-CV-1255
                                                                   (GTS/GHL)

KEITH VORTRAND; SGT. CANSTANENUE;
SGT. HALKER; C.O. WHITNEY; C.O. HANNON;
BLUME; and L.T. BURRNET,

                      Defendants.
_____

APPEARANCES:

KEVIN J. POWERS, 02002597
  Plaintiff, *Pro Se*
Jamesville Correctional Facility
P.O. Box 143
Jamesville, NY 13078

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court in this *pro se* civil rights action filed by Kevin J. Powers ("Plaintiff") are (1) Plaintiff's motion for preliminary injunctive relief in the form of a temporary restraining order (Dkt. Nos. 7, 11, 16, 17), (2) his purported Amended or Supplemental Complaint dated November 14, 2009 (Dkt. No. 8; *see also* Dkt. No. 13), and (3) his motion for appointment of counsel (Dkt. Nos. 9, 12, 18). For the reasons set forth below, Plaintiff's motion for injunctive relief is denied; his purported Amended or Supplemental Complaint is stricken from the docket; and his motion for appointment of counsel is denied without prejudice.

I.     MOTION FOR INJUNCTIVE RELIEF

In support of his motion for injunctive relief, Plaintiff has submitted an affidavit in which he states that, on November 17, 2009, Defendants Whitney and Canstanenue "threatened" him. (Dkt. No. 7, at 2.) Plaintiff further states that he fears that "they will do bodyly [*sic*] harm to [him] if given the chance." (Dkt. No. 7 at 2.) Plaintiff also states that Defendant Whitney has threatened to issue false misbehavior reports against him. (*Id*.) As a result, Plaintiff asks that "a temporary restraining order be put on the two [D]efendants." (*Id*.)

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 [8th Cir. 1994] [per curiam]).

> In some circumstances, an even higher standard applies. The moving party must make a "clear" or "substantial" showing of a likelihood of success where (1) the injunction sought "will alter, rather than maintain, the status quo"- *i.e.*, is properly characterized as a "mandatory" rather than "prohibitory" injunction; or (2) the injunction sought "will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits."

*Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (citing *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 33-34 [2d Cir. 1995]). The same standards govern consideration of an application for a

temporary restraining order.  *Perri v. Bloomberg*, 06-CV-0403, 2008 WL 2944642, at *2 (E.D.N.Y. Jul. 31, 2008) (citing *Therrien v. Martin,* 07-CV-1285, 2007 WL 3102181, at *5 [D.Conn. Oct. 19, 2007]).

"The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri*, 2008 WL 2944642, at *2 (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.,* 339 F.3d 101, 113-14 [2d Cir. 2003]); *see also Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." [internal quotation omitted]).  Speculative, remote or future injury is not the province of injunctive relief.  *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, 07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. Jul. 3, 2008) (McAvoy, J.) (citation omitted) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages.").  Plaintiff's allegations that he will be the victim of future harm (i.e. threatened assaults and false misbehavior reports) do not amount to irreparable harm.  *Slacks v. Gray*, 07-CV-0510, 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (Mordue, J.) (denying plaintiff's request for injunctive relief where "plaintiff allege[d] that defendant Farrell 'made a verbal threat of bodily harm' against him and . . . defendant Gray called him 'a punk and a snitch' in front of other inmates" because, *inter alia*, "[p]laintiff's contention of threats and harassment without more are too speculative to establish irreparable harm").

However, even if Plaintiff could establish irreparable harm, a party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim, or evidence that

establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir. 1992). Plaintiff has failed to submit *proof or evidence* that meets this standard. Instead, Plaintiff has submitted only his own affidavit containing his request for injunctive relief and the reasons why he believes his request should be granted. Plaintiff's statements, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Additionally, because Defendants have not yet answered, and, indeed, have not even appeared in the suit, the Court cannot ascertain Plaintiff's likelihood of success.

Because Plaintiff has failed to establish either of the two requisite elements discussed above, his request for injunctive relief is denied.

## II.     PURPORTED AMENDED OR SUPPLEMENTAL COMPLAINT

Plaintiff's original Complaint in this action is dated October 29, 2009, and asserts claims against seven Defendants (Lt. Keith Vortrand, Sgt. Canstantenu, Sgt. Halker, C.O. Whitney C.O. Hannon, Assistant Commissioner Randy Blume, and Lt. Burrnet) arising from events occurring on August 17, 2009, and/or August 18, 2009. (Dkt. No. 1.)

On November 14, 2009, Plaintiff sent to the Court what purports to be an amendment or supplement to his Complaint detailing allegations of wrongdoing. (Dkt. No. 8, ; *see also* Dkt. No. 13 [stating, *inter alia*, "There is only seven named defendants on my civil case number 9:09-CV-1255 and I was wondering why the other 4 defendants are not named under the same case number. . . . I would

like to know why my allegations of crule and unfair conditions was not put in the Complaint filed with the Court on the 23, of November, 2009?"].)  This submission–which is handwritten and seven pages in length–appears to contain some allegations that were contained in Plaintiff's original Complaint. (*Compare* Dkt. No. 8 at 3-4 *with* Dkt. No. 1 at 8-9.)  However, in addition, the submission contains allegations against a new individual (Head Commissioner Timothy H. Cowin).  (*See generally* Dkt. No. 8.)  Moreover, although some of the events referenced in the submission allegedly occurred on August 17, 2009, and/or August 18, 2009, other events occurred on unspecified dates.  (*Id*.)  As a result, it is unclear whether the submission of November 14, 2009, is intended as an amended complaint, a supplemental complaint, or an amended and supplemental complaint.  (*Id*.)[1]

      An amended complaint is intended to replace and supercede in its entirety the previous complaint.  *O'Neil v. Ponzi*, 09-CV-0983, 2009 WL 3459482, at *5 (N.D.N.Y. Oct. 22, 2009) (Suddaby, J. adopting Lowe, M.J.).  Therefore, once accepted for filing, the amended complaint becomes the operative pleading, and the original complaint is no longer considered.  *See* N.D.N.Y. L.R. 7.1(a)(4) ("[A] proposed amended pleading . . . will supersede the original pleading in all respects."); *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir.1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") [citations omitted], *cert. denied*, 434 U.S. 1014 (1978); *accord*, *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994); *Dluhos v. Floating and Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir.1998).  Accordingly, the Local Rules of Practice for this Court ("Local Rules") provide that "[a] party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference."  N.D.N.Y. L.R.

---

[1]    *See also* Fed. R. Civ. P. 15(d) (describing difference between amended and supplemental complaint); *accord,* N.D.N.Y. L.R. 7.1(a)(4).

7.1(a)(4). "One of the purposes of the requirement that motions to amend be accompanied by a copy of a complete proposed amended petition is to ensure that all of the allegations asserted against the respondent(s) named therein are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him." *Cusamano v. Sobek*, 604 F. Supp.2d 416, 508, & n.207 (N.D.N.Y. 2009) (Suddaby, J., adopting Report-Recommendation of Lowe, M.J.).[2] Moreover, this requirement "eliminates the confusing nature of 'piecemeal' amended pleadings." *Cusamano,* 604 F. Supp.2d at 508, & n.207.[3] Simply stated, an amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in the action.

In this case, Plaintiff's submission of November 14, 2009–to the extent it purports to be an Amended Complaint–is not a complete pleading. For example, the submission does not include allegations against L.T. Burrnet, who is named as a Defendant in the original Complaint.[4] Instead, the submission is apparently Plaintiff's attempt to add some additional pages to his original Complaint

---

[2] *Accord*, *Williams v. Laclair, 07-CV-0545,* 2008 WL 2626822, at *1 (N.D.N.Y. June 27, 2008) (Treece, M.J.); *Howard v. Potter*, 06-CV-0982, 2008 WL 495569, at *2 (N.D.N.Y. Feb. 20, 2008) (Hurd, J.); *Smith v. West*, 03-CV-1178, 2006 WL 3729316, at *2 (N.D.N.Y. Dec. 15, 2006) (Di Bianco, M.J.); *Brown v. Duncan*, 00-CV-0290, 2006 WL 1977469, at *6 (N.D.N.Y. July 11, 2006) (Lowe, M.J., adopted by Sharpe, J.) [citation omitted]; *Chapdelaine v. Keller*, 95-CV-1126, 1999 WL 34998130, at *1 (N.D.N.Y. Sep. 28, 1999) (Sharpe, M.J.) [citation omitted].

[3] *Accord*, *Brown*, 2006 WL 1977469, at *6 [citation omitted]; *Chapdelaine*, 1999 WL 34998130, at *1 [citation omitted]; *Allen v. Brown*, 96-CV-1599, 1997 WL 610720, at *1 (N.D.N.Y. Sept. 26, 1997) (Pooler, J.) [citation omitted].

[4] It may be that Plaintiff wishes to voluntarily discontinue his claims against Defendant Burrnet dismissed (who is not named in caption of Plaintiff's request for injunctive relief). (*See* Dkt. No. 7 at 1, 2.) However, out of special solicitude to Plaintiff, the Court does not liberally construe his submission of November 14, 2009, as voluntarily discontinuing his action against Defendant Burrnet. If Plaintiff wishes to voluntarily discontinue his claims against Defendant Burrnet, he should specifically advise the Court of his intention to do so.

wherein Plaintiff (1) includes new Defendants and allegations of wrongdoing by them and also (2) repeats some, but not all, of the allegations contained in the original Complaint. For the reasons discussed above, this attempt at piecemeal pleading is neither proper nor productive.

Moreover, to the extent that Plaintiff's submission of November 14, 2009, is intended to be a Supplemental Complaint, that submission fails to comply with Local Rule 7.1(a)(4), which provides, in pertinent part, that, when a party wishes to file a supplemental complaint, "[t]he part must number the paragraphs in the proposed [supplemental complaint] consecutively to the paragraphs contained in the [original complaint]." N.D.N.Y. L.R. 7.1(a)(4).

Finally, Plaintiff's submission of November 14, 2009, does not comply with Fed. R. Civ. P. 10 and Local Rule 10.1(c)1 in that (1) it does not contain a caption, (2) its paragraphs are not numbered, (3) its pages are not double-spaced, and (4) its pages are not consecutively numbered. While the Court is aware of case law providing that certain formal deficiencies (for example, in the captioning and page-numbering of a complaint) should generally be overlooked in cases brought by *pro se* plaintiffs, the Court finds that, under the circumstances, the numerous deficiencies in Plaintiff's submission–some of which are more substantive than formal in nature–should not be overlooked.[5] The Court notes that,

---

[5] As both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow. *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California,* 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord, Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983); *cf. Phillips v. Girdich,* 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").Stated more plainly, when

under the circumstances, treating Plaintiff's submission of November 14, 2009, as an effective amendment or supplement to his Complaint would *not* be an exercise of special solicitude to him in that it would actually inure to his detriment (e.g., by constituting his one amendment or supplement "as a matter of course," and by arguably rendering his original Complaint a nullity in favor of a document that is largely nonsensical).

Based upon the foregoing, the Clerk is directed to strike from the docket Plaintiff's purported Amended or Supplemental Complaint dated November 14, 2009 (Dkt. No. 8). Plaintiff is advised that, if he wishes to amend or supplement his claims, he may do so "as a matter of course" (that it, without having to file a motion) as long as he does so before he is served with an Answer by Defendants. *See* Fed. R. Civ. P. 15(a)(1). However, that Amended or Supplemental Complaint must be a complete pleading that includes all claims and Defendants in one single document.[6]

## III. MOTION TO APPOINT COUNSEL

Plaintiff asks the Court for appointment of counsel. (Dkt. No. 9.) Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. More specifically,

> the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the

---

a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 214, n.28 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation of Lowe, M.J.) [citations omitted].

[6] After Defendants have filed an Answer to Plaintiff's Complaint, Plaintiff may amend or supplement his Complaint only by filing a motion to amend or supplement and being granted leave to amend or supplement. *See* Fed. R. Civ. P. 15(a)(2).

8

> need for cross examination will be the major proof presented to the fact
> finder, the indigent's ability to present the case, the complexity of the
> legal issues and any special reason in that case why appointment of
> counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 [2d Cir. 1986]).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.[7]  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, J.) (citing *Hodge*, 802 F.2d at 61).

This action was only recently commenced.  Defendants have not yet responded to the allegations contained in Plaintiff's Complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of Plaintiff's Complaint wherein he states the facts surrounding his claim. Where a plaintiff does not provide a court with evidence, as opposed to mere allegations, relating to his claims, that plaintiff does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel.  *See Harmon v. Runyon*, 96-CV-6080, 1997 WL 118379, at *1 (S.D.N.Y. Mar. 17, 1997).  Moreover, even if the Court were to conclude that Plaintiff's position seems likely to be of substance, the Court finds that the relevant factors weigh decidedly against granting Plaintiff's motion at this time.  For example, the Court finds as follows: (1) the case does not present novel or complex issues; (2) it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action; (3) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the

---

[7] For example, a plaintiff's motion for counsel must always be accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector, and such a motion may be denied solely on the failure of the plaintiff to provide such documentation.  *See Horowitz*, 28 F.3d at 1341; *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989) (citation omitted).

trial, as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel," *Velasquez*, 899 F. Supp. at 974; (4) if this case survives any dispositive motions filed by Defendants, <u>it is highly probable that this Court will appoint trial counsel at the final pretrial conference</u>; (5) this Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation; and (6) Plaintiff's motion for counsel is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector.[8]

For these reasons, Plaintiff's motion for the appointment of counsel is denied without prejudice. After Defendants have responded to the allegations in Plaintiff's Complaint, and the parties have undertaken discovery, Plaintiff may file a second motion for the appointment of counsel, at which time the Court may be better able to determine whether such appointment is warranted. Plaintiff is advised that any second motion for appointment of counsel must be accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for injunctive relief (Dkt. Nos. 7, 11) is **<u>DENIED</u>**; and it is further

**ORDERED** that the Clerk shall **<u>STRIKE</u>** from the docket the purported Amended or Supplemental Complaint dated November 14, 2009 (Dkt. No. 8); and it is further

---

[8]  To assist *pro se* litigants, the Clerk of the Court for the Northern District of New York has provided to all correctional facilities in New York State copies of the Northern District's *Pro Se* Manual and Local Rules. If Plaintiff would like an additional copy of the *Pro Se* Manual or Local Rules, he may obtain them from the Clerk upon request. While the *Pro Se* Manual is **free**, the Local Rules cost **$3.60**. Pursuant to Local Rule 5.4, a *pro se* litigant must pay this amount even if he has been granted permission to proceed with his action *in forma pauperis*. The *pro se* litigant must make this payment **in advance**, with the check made payable to "Clerk, U.S. District Court."

**ORDERED** that Plaintiff's motion for the appointment of counsel (Dkt. Nos. 9 & 12) is **<u>DENIED</u> without prejudice**. Any future motion for appointment of counsel must be accompanied by documentation that substantiates Plaintiff's efforts to retain counsel on his own.

Dated: January 7, 2010
      Syracuse, New York

                                              Hon. Glenn T. Suddaby
                                              U.S. District Judge